**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MASAI ANDREWS,

Plaintiff,

-against-

THE CITY OF ROCHESTER, a municipal entity, TYSHON WILLIAMS, SHAWN JORDAN, ALEXANDER ELMORE, "JOHN DOE POLICE OFFICER 1-200" (names and number of whom are unknown at present),

Defendants.

**REPLY MEMORANDUM OF LAW**

**Case No.: 21-cv-6764**

## PRELIMINARY STATEMENT

Plaintiff participated in a public demonstration on the night of September 4, 2020, and brought twelve claims from his interaction with the City Defendants during that demonstration: excessive force, assault and battery, unlawful seizure and false arrest (under federal and state law), First Amendment infringement and retaliation, failure to intervene, and negligence by the City of Rochester (Police Department), Officers Tyshon Williams, Shawn Jordan and Alexander Elmore in addition to municipal liability for the alleged constitutional violations by RPD, and negligence by the City.

The City moved to dismiss the Plaintiff's ninth, tenth, eleventh and twelfth claims for relief. Even under a deferential standard of review, Plaintiff has failed to sufficiently plead his alleged claims.

## ARGUMENT

### I. PLAINTIFFS NINTH CLAIM FAILED TO ALLEGE THE ELEMENTS OF FIRST AMENDMENT INFRINGEMENT AND RETALIATION, SO BOTH CLAIMS MUST BE DISMISSED.

To claim deprivation of First Amendment rights, Plaintiff must allege specific, non-speculative impairment of his First Amendment rights which it does not. *Spear v. West Hartford*, 954 F.2d 63 (2d Cir. 1992). Plaintiff alleges details from his participation in a protest on September 4, 2020 with law enforcement interaction (Verified Complaint ¶ 14-32), but speech was not hindered until the Plaintiff's arrest for a criminal act not considered speech and supported by probable cause.

As a private citizen suing a public official for First Amendment retaliation, Plaintiff must show that: "(1) [he] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Wood v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008). Furthermore, these claims must be set forth "through specific and detailed factual allegations," not "wholly conclusory terms[,]" in order to survive a motion to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000).

- Plaintiff has not pled any of the elements of First Amendment retaliation. He has not demonstrated that the alleged retaliation was caused by his alleged free speech or how Defendants allegedly "chilled [his] exercise of [his] First Amendment right." While he states that he was arrested at the protests (Verified Complaint ¶¶ 30-32), he fails to allege that law enforcement responded in this way, *because of* his exercise of First Amendment rights. The Verified Complaint also contains no allegation of how Defendants stopped or even chilled his free speech. He never alleged that he wanted to engage in First Amendment speech, but declined to because of Defendants' actions. Furthermore, arrests, without more, do not constitute chilling effect on First Amendment rights. *Wood*

*v. Town of E. Hampton*, No. 08-CV-4197, 2010 U.S. Dist. LEXIS 104806, at 23-24 (E.D.N.Y. Sept. 30, 2010).

**A. LOZMAN V. CITY OF RIVERA**

The Plaintiff does not meet the special class of Plaintiff set out in the Lozman decision to take advantage of this ruling by the Supreme Court. Lozman v. City of Riviera Beach, 2018 U.S. LEXIS 3691. The Court in Lozman identified a unique class of Plaintiff, individuals which can maintain a policy of retaliation for free speech in the face of probable cause or other justifiable reason for the government's action a claim of improper governmental action more than a simple. In Lozman, as here, the claim was that the City itself retaliated against him pursuant to an "official municipal policy" of intimidation. *Monell*, 436 U. S., at 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611. The allegation was that the City, through its legislators, formed a premeditated plan to intimidate him in retaliation for his criticisms of city officials and his open-meetings lawsuit. And he asserts that the City itself, through the same high officers, executed that plan by ordering his arrest at the November 2006 city council meeting. Lozman v. City of Riviera Beach, 2018 U.S. LEXIS 3691.

In this case, there is no showing of proof or even allegation that the City of Rochester, or the officers, were cognizant of the Plaintiff or any actions of the Plaintiff in the past.

The dissent in Lozman is particularly illuminative here. Justice Thomas identified five conditions that are necessary to trigger the Supreme Court "new rule". First, there must be "an 'official municipal policy' of intimidation." *Ante,* at ___, 201 L. Ed. 2d, at 352 (quoting *Monell* v. *Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct.

2018, 56 L. Ed. 2d 611 (1978)). Second, the policy must be "premeditated" and formed well before the arrest—here, for example, the policy was formed "months earlier." *Ante,* at ___, 201 L. Ed. 2d, at 353. Third, there must be "objective evidence" of such a policy. *Ante,* at ___, 201 L. Ed. 2d, at 353. Fourth, there must be "little relation" between the "protected speech" that prompted the retaliatory policy and "the criminal offense for which the arrest is made." *Ante,* at ___, 201 L. Ed. 2d, at 353. Finally, the protected speech that provoked the retaliatory policy must be "high in the hierarchy of First Amendment values." *Ante,* at ___, 201 L. Ed. 2d, at 353. Where all these features are present, the Court explains, there is not the same "causation problem" that exists for other retaliatory-arrest claims. *Ante,* at ___, 201 L. Ed. 2d, at 352. Lozman v. City of Riviera Beach, 2018 U.S. LEXIS 3691.

Here none of the conditions inherent in the majority opinion, and highlighted by the dissent, are present. It is understood that the conditions must be proven at trial but to survive a motion to dismiss they need to be pled and they are not.

The Court should dismiss all *Monell* liability claims, because Plaintiff has failed to plausibly plead [i] a City policy, custom, or deliberate indifference to training deficiencies [ii] under the First, Fourth, and Fourteenth Amendments.

## II. LAW ENFORCEMENT OFFICERS MAY NOT BE SUED FOR SIMULTANEOUSLY ENGAGING IN AND FAILING TO INTERVENE TO PREVENT EXCESSIVE FORCE, PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED.

Plaintiff's eighth cause of action for failure to intervene must be dismissed. The City acknowledges that federal law recognizes that law enforcement officer have "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*,

17 F.3d 552, 557 (2d Cir. 1994) (emphasis added). Failure to intervene is inapplicable, however, "[w]here the officer is a direct participant in the allegedly excessive use of force[.]" *Cuellar v. Love,* No. 11-CV-3632, 2014 U.S. Dist. LEXIS 51622, at *23, (S.D.N.Y. Apr. 11, 2014); See also *Abujayyab v. City of New York,* No. 15-CV-10080, 2018 U.S. Dist. LEXIS 140914 at *23-24 (S.D.N.Y. Aug. 20, 2018).

Plaintiff has pled this exact inapplicable set of circumstances: he brings suit for a failure to intervene against the officers who allegedly engaged in excessive force. Indeed, the allegation itself confirms the need for the dismissal, when he expressly claims they allegedly failed to intervene in the situation they created: "The individual defendants failed to intervene on Plaintiff's behalf despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct." (Verified Complaint ¶ 131.) Plaintiff's tenth claim for failure to intervene must be dismissed in light of Plaintiff's claim that they also engaged in the alleged violation of his constitutional rights.

Plaintiff does not identify any allegations in the Complaint that officers knew or had reason to know that the incidents complained of were constitutional violations. Plaintiff attempts to dilute this liability claim by asserting that he only need plead that an unconstitutional act was committed during the time that the named officers were working while these acts were allegedly committed. Officers are not liable for not preventing *harm*; they can be liable for failing to intercede in *constitutional violations*. If officers did not know or suspect that a constitutional violation was occurring, they do not have a responsibility to intercede. Plaintiff has not argued that an officer knew that other officers were acting unconstitutionally. In addition to attempting to plead that the named officers were complicit

in the action and also failed to intervene, it is claimed that they failed to act without knowledge that a constitutional violation was occurring or has occurred. Plaintiff has not sufficiently pled that officers may be liable for failing to intervene.

## III. PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST THE CITY AND INDIVIDUALS MUST BE DISMISSED AS A MATTER OF LAW AND LEGAL INSUFFICENCY.

The City continues to seek dismissal of all Plaintiff's negligence claims as they are not applicable claims to the events or actions that occurred, as alleged, on September 4, 2020. The negligence claims were not objected to in the Response to the Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant City respectfully request that the Court grant their motion to dismiss the ninth, tenth, eleventh and twelfth causes of action, and award the City such other relief as the Court deems proper.

DATED: April 12, 2022

/s/John M. Campolieto

______________________________

John M. Campolieto, Esq., of counsel
Attorneys for Defendants
30 Church Street, Room 400A City Hall
Rochester, NY 14614
Telephone: (585) 428-7410