**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

MASAI ANDREWS,

                             Plaintiff,

          -against-

THE CITY OF ROCHESTER,  a municipal entity,
TYSHON WILLIAMS, SHAWN JORDAN,
ALEXANDER ELMORE, "JOHN DOE POLICE
OFFICER 1-200" (names and number of whom are
unknown at present),

                            Defendants.

**ANSWER**
**Jury Trial Demanded**
**Case No.:  21-cv-6764**

      The City of Rochester, a Municipality, and Tyshon Williams, Shawn Jordan, Alexander Elmore (hereinafter "City Defendants") by their attorneys Linda S. Kingsley, Esq, John M. Campolieto, Esq, *of Counsel*, Answer the Complaint as follows:

      1.     City Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1, 7, 10, 18, 19, 25, 26, 29, 47, 48, 49, 68, 69, 74, 76, 77, 84, 88, 89, 91, 92, 105, 112, 115 and 116.

      2.     City Defendants admit paragraphs 8 and 9.

      3.     City Defendants deny paragraphs 5, 6,14, 17, 21, 22, 23, 24, 27, 30, 31, 33, 34, 35, 36, 38, 39, 40, 42, 43, 44, 45, 46, 51, 52, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, 70, 71, 72, 75, 78, 79, 80, 81, 85, 86, 87, 90, 93, 95, 96, 97, 98, 99, 101, 102, 103, 104, 106, 107, 108, 110, 111, 113, 114, 117, 118, 119, 121, 122, 123, 124, 125, 126, 127, 130, 131, 132, 133 and 134.

      4.     City Defendants deny paragraphs 2 and 3 of the Complaint except admit that the City of Rochester is a municipal corporation.

5.      As to Paragraph 4, the City Defendants admit as much of the paragraph as it pertains to Tyshon Williams, Shawn Jordan and Alexander Elmore but denies the remainder of the paragraph

6.      Paragraph 10 contains legal conclusions and, as such, does not require a response.

7.      As to Paragraph 11, the City Defendants admit as much of the paragraph which states that Daniel Prude suffered an acute mental health crisis on March 23, 2020 and was taken off life support and died on March 30.

8.      City Defendants deny allegations in paragraph 12 and 13, except admit that there were demonstrations within the City of Rochester following September 2, 2020.

9.      As to Paragraph 15, the City Defendants deny the paragraph, except admit that mental barricades were erected on the western end of the Court Street Bridge.

10.      As to Paragraph 16, the City Defendants deny the paragraph except admit that police issued clear instructions for protesters to disperse after the gathering had become an unlawful assembly.

11.      As to Paragraph 20, the City Defendants admit as much of the paragraph which states that officers directed protestors to the eastern direction and deny the remainder of the paragraph.

12.      As to Paragraph 28, the City Defendants admit that Plaintiff was arrested but deny the remainder of the paragraph.

13.      As to Paragraph 32, the City Defendants admit as much of the paragraph which states that Plaintiff was detained but denies knowledge or information sufficient to form a belief regarding the truth of the allegations in the remainder of the paragraph.

14.     As to Paragraph 37, the City Defendants admit as much of the paragraph that quotes language that appears on the City website.

15.     As to Paragraph 41, the City Defendants admit that its "civil disorder" training and guidelines purpose is for addressing civil disorder.

16.     As to Paragraphs 50, 53, 62, 73, 82, 94, 100, 109, 120 and 128, they require no response, if such a response is required they are denied.

17.     As to Paragraph 83, the City Defendants admit that Plaintiff was arrested but denies knowledge or information sufficient to form a belief regarding the truth of the allegations in the remainder of the paragraph.

18.     As to Paragraph 129, City Defendants admit as much pf paragraph 130 stating the Defendants have a general duty to intervene, under certain circumstances, not present in this matter.

19.     As to Paragraphs 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148 and 149, these paragraphs, claims and allegations have been dismissed and require no response, if they do require a response they are denied.

20.     City Defendants deny any and all other allegations in the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

21.     The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

22.     Any use of force allegedly used by any City Defendant was objectively reasonable and justified under New York State and Federal Law.

**THIRD AFFIRMATIVE DEFENSE**

23.     The acts or omissions of any City Defendant, Rochester Police Officers, including the individual officers, were not the proximate cause of any of the injuries about which Plaintiff complains.

## FOURTH AFFIRMATIVE DEFENSE

24.     The injuries and damages alleged in the Complaint were caused by a Third Party or Plaintiff's own acts, conduct, or omissions to act, which were negligent, reckless, wrongful, intentional or otherwise culpable. Should any damages ultimately be awarded in this matter, they shall be diminished in proportion to Plaintiff's culpable conduct.

## FIFTH AFFIRMATIVE DEFENSE

25.     Any force, allegedly used, did not rise to the level of a constitutional violation and was reasonable and necessary under the circumstances.

## SIXTH AFFIRMATIVE DEFENSE

26.     The City of Rochester and employees properly exercised professional judgment, and are therefore entitled to good faith immunity and discretionary immunity from suit.

## SEVENTH AFFIRMATIVE DEFENSE

27.     City Defendants did not violate any clearly established federal right of which a reasonable officer would have known, and are therefore entitled to qualified immunity.

## EIGHTH AFFIRMATIVE DEFENSE

28.     The Complaint fails to sufficiently allege facts that any of the Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and therefore, the

Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

29.    All conduct by the City of Rochester and by its individual police officers, employees, agents, or representatives was justified under the circumstances herein; was privileged conduct in the performance of Defendants' police function; was supported by probable cause; and was reasonably necessary to the performance of its duties and in accordance with the requirements of law.

## TENTH AFFIRMATIVE DEFENSE

30.    None of the acts of any City Defendant were taken in consideration of or as a result of Plaintiff's exercise of his First Amendment or other Constitutional rights.

## ELEVENTH AFFIRMATIVE DEFENSE

31.    The City of Rochester did not authorize, condone, permit, or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

## TWELFTH AFFIRMATIVE DEFENSE

32.    Plaintiff's arrest and prosecution were at all times supported by probable cause.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint, together with the costs and disbursements of this action, and such other and further relief as may be just and proper.

Dated: September 30, 2022                    LINDA S. KINGSLEY, Corporation
Counsel


                                             /s/ John M. Campolieto
                                    _____
                                             BY: John M. Campolieto, Esq., *of Counsel*
                                             Attorneys for Defendants
                                             City Hall Room 400A, 30 Church Street
                                             Rochester, New York 14614
                                             (585) 428-6699

To:     All Counsel of Record, via ECF