UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

_____

JAMIA McCULLER

                                Plaintiff,

             vs.

THE CITY OF ROCHESTER, et al.,

                         Defendants.

_____

ATTORNEY DECLARATION IN SUPPORY OF FRCP RULE 55(c) MOTION TO VACATE THE ENTRY OF DEFAULT

Case No. 21-CV-6763 (FPG)

MASAI ANDREWS

                              Plaintiff,

          vs.

THE CITY OF ROCHESTER, et al.,

                         Defendants.

Case No. 21-CV-6764 (FPG)

_____

JOHN M. CAMPOLIETO, Esq., declares and says:

      1.      I am a Municipal Attorney for the City of Rochester, admitted to practice law in the State of New York and before the Western District of New York.  I represent all defendants in the three captioned matters.  I am fully familiar with all of the facts and

1

circumstances surrounding this matter, including those set forth herein.

The two matters involved in this motion are:

- *Jamaia McCuller v. City of Rochester, Michael Collins, Amber Grosch, Justin Whitmore, Henry Favor, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, Samuel Lucyshyn*

- *Masai Andrews v. City of Rochester, Tyshon Williams. Shawn Jordan, Alexander Elmore, Paull Romano, Steven Kovack, Michael Fay, Henry Favor, Naser Zenelovic, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, Samuel Lucyshyn.*

 (hereinafter "the cases").

2.      I submit this declaration respectfully seeking the voiding of the clerk's entry of default on the above two matters, which default was referred to the clerk by Magistrate Judge Mark W. Pedersen.   See the Clerks entry of default, dated July 18, 2024  attached  as <u>Exhibit A</u>.  See also Magistrate Judge Pedersen's referral of default attached as <u>Exhibit B</u>.

3.      The City is seeking to vacate the entered defaults and permission of the Court to file answers to the second amended complaints pursuant to good cause having been demonstrated as allowed by Rule 55 (c)of the Federal Rules of Civil Procedure, allowing acceptance of the answers to be filed immediately upon order.

4.      The City defendants respectfully request that the Court allow the City to

2

file their answers and that they be accepted by the Clerk because City defendants in the

cases have all appeared through the filing of stipulations allowing the amended

complaints and further stipulations and initial disclosures; the failure to file the answers

to the second amended complaints is shown to meet the parameters of Rule 55(c) in

that good cause demonstrated here.

5.      Additionally, pursuant to Rule 55(c) the City must show that they have a

meritorious defense to these actions—they City and the police employees were acting

in a reasonable manner in light of the danger which they faced and actions of

individuals at the protests discussed in the amended complaints.   Original Answers

filed in the McCuller and Andrews cases as <u>Exhibit C</u>.  The officers are entitled to

qualified immunity, dismissal of the actions due to the reasonableness and cause, the

Defendants had, to control the crowd which was operating illegally on a closed roadway.

6.      The parties have proceeded on all matters pursuant to normal trial

practices-mediation, discovery, pretrial conferences and stipulations both to accept

service and to accept service by email on the above-stated matters. See Stipulation

allowing the filing of the second amended complaints attached as <u>Exhibit D</u>.

7.      The original defendants in McCuller (*City of Rochester, Michael Collins,*

*Amber Grosch, Justin Whitmore*) and in the Andrews case (*City of Rochester, Tyshon*

*Williams. Shawn Jordan, Alexander Elmore)* have previously answered all causes of

action against them in the first complaint and to the first amended complaints; the

3

second amended complaints are the complaints at issue.

8.      In these matters, the procedural timeline is as follows:

- Original Complaints Filed in State Court

- Cases were Removed

- Motions to Dismiss were filed

- Cases were Answered

- First Amended Complaints filed

- Second Amended Complaints filed

Printouts of the Case dockets are attached as Exhibit C.

9.      In these cases, in-regards to the second amended complaints that are at issue, new defendants were added and the City agreed to accept service for all defendants and to accept service by electronic mail.  See Exhibit D.

10.     In 2021, 2022 and 2023 these cases concerning the protests of 2020 (hereinafter "the protests") in the City of Rochester were filed against the City of Rochester, the County of Monroe, the Monroe County Sheriff and multiple individual Rochester Police Department Officers and Monroe County Sheriffs.

11.     Some cases were filed in New York State Court and some were filed in the United States District Court, Western District.   The City and County defendants removed most of the cases to the Federal District Court, yet some remained in New York State Courts.   The McCuller and Andrews cases were removed to the Western

District.

12.     Motions to dismiss the complaints were filed in all of the cases.  All of the motions to dismiss for the cases were either denied or granted, in part, by November 11, 2022.

13.     After the motions to dismiss were decided, all of the cases were answered and upon order of the Court were immediately sent to mediation and all are assigned to United States District Court Judge Frank Geraci.

14.     In 2022, amended complaints were filed in some of the cases and all amended complaints were answered.   See Exhibit F.

15.     Upon the start of mediation in these cases, all were assigned to Magistrate Judge Pedersen, discovery was stayed upon completion of the mediations. Once the initial mediations were completed, the cases were moved into discovery.

16.     Second amended complaints were filed in the cases at issue in this motion, and in the state cases where federal claims were added through the amended complaints, most of those cases were removed to federal court.

17.     The parties stipulated to accept service of the Amended Complaints and to accept service for the added individual defendants by email.   The City, specifically, stipulated to the filing of the amended complaints in the cases at issue here, McCuller and Andrews), and to accept service for the added defendants by email.  See Exhibit D.

18.     The City conducted mediations on all protest cases relevant for this

proceeding including the McCuller and Andrews cases.

19.     The parties were unable to agree on settlement terms for these cases during the initial mediations but were able to settle one of the cases no longer an issue in this motion.   The plaintiffs and the defendants continued to participate in pre-trial activities including initial disclosures, discovery communications, extensions for discover, court conferences and general communication.  See Stipulated Protective Order, Stipulated Extension of Discovery Orders and Initial Monell Disclosures attached as Exhibit E.  Additionally see printouts of the dockets of these cases attached as Exhibit F.

20.     Indeed, the parties continued to communicate about settlement, due dates and general discussions on the cases through the present date.

21.     A short time after the Amended Complaints were stipulated to and accepted by the City, your deponent reached out to the attorney for the Plaintiff and requested additional time to answer the second amended complaints.   Such time was consented to by Plaintiff's attorney and this type of verbal extension, though certainly not the appropriate method to received extensions of time, continued.

22.     On or about November of 2023, the parties verbally agreed to additional time for the City defendants to answer but it was not memorialized in a court order. It was understood to be an open-ended extension to answer the second amended complaints.

23.     Due to the amount of electronic emails sent back and forth between the parties, on this large group of protest cases, I was not able recall the specific emails over this time period on my computer.   However, prior to the answers to the second amended complaints being due in October of this year, there was a common understanding between the attorneys, believed to be sent by an email exchange, that was an open ended extension for the City to answer the second amended complaints filed in the McCuller and Andrews cases and that discovery and standard litigation actions in the case would continue as normal.  Plaintiff's attorney did state that he did not care about the answers being filed at a specific time but wanted discovery exchange to continue in a normal fashion.

24.     All other pre-trial procedures were adhered to and the cases continued to make discovery and documents demands, and the case as stated above, continued in a normal manner with communication regarding settlement, discussions  about settlement and mediation updates with federal mediator Amanda Williams.

25.     Your declarant states that it was during the months of November, 2023 through May, 2024 of this year that my trial calendar became unusually burdensome and I relied on the open ended extension for the extra time needed to answer the second amended complaints.

26.     In an unusual circumstance, I was scheduled for two state Court civil trials-one in November of 2023 and the other in late December, 2023 through early

January of 2024.   There was a Federal Trial scheduled for April 2024 which lasted over three weeks.  This unusual circumstance of three trials, back to back to back, did lead to issues with my calendaring and my ability to maintain organization.

27.   The amount of cases, discovery, named plaintiffs and defendants, in these matters, has led to a very large litigation matter, which has caused case management issues on individual cases.

28.   On or about July 1, 2024, Plaintiff's attorney requested a scheduling conference, the Court recognized that the second amended complaints had not been properly answered in these cases; the Court alerted the parties to this issue and sent entry of defaults to the clerk in two other matters.

29.   It was at this time the City recognized the error and immediately attempted to rectify this issue with the Plaintiff and the Court.

30.   The Court sent a text order to the parties stating that it would not allow answers to be filed without court permission.

31.   In regards to the good cause shown it is clear that the default was not willful in that the City defendants stipulated to the acceptance of the second amended complaints.

32.   It should also be clear to the Court that setting aside the default would in no way prejudice the adversary as all current discover requests are due for an initial response on August 1, 2024—a date to be complied with.   See Exhibit F.

8

33.     Meritorious defenses have been presented above, including

qualified immunity, probable cause and reasonableness in the actions of the defendants

and the actions of the plaintiffs themselves partially causing their own injuries by their

actions, have been presented as meritorious defenses.

34.     The City seeks the Court to vacate the defaults entered by the Clerk and

referred to the clerk for default by Magistrate Judge Mark W. Pedersen.   See Exhibit A

and B.


DATED: July 26, 2024                PATRICK BEATH, Corporation Counsel


                                         _____/s/John M. Campolieto_____
                                    BY:   JOHN M. CAMPOLIETO
                                          Municipal Attorney
                                          *Attorney for Defendants*
                                          30 Church Street, Rm. 400A
                                          Rochester, New York 14614
                                          (585) 428-7410


To:     All Counsel (ECF)