

**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Patrick B. Naylon**
Municipal Attorney

February 9, 2024

**Via Federal Express**
Elliot Shields, Esq.
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, New York 10016

Re: *Mary Adams, Ricardo Adams, Sarah Adams, Amanda Flannery, and Ashley Gantt v City of Rochester; Civil No.: 22-cv-06144;*
*Jesse Ames v City of Rochester, et al; Civil No.: 22-cv-06409;*
*Masai Andrews v City of Rochester, et al; Civil No.: 21-cv-06764;*
*Joy Elizabeth Armstrong v City of Rochester, et al; Civil No.: 21-cv-06717;*
*Brendan Boehner, et al v City of Rochester, et al; Civil No.: 21-cv-06574;*
*Kevonna Buchanan v City of Rochester, et al; Civil No.: 23-cv-6290;*
*Amanda Flannery v City of Rochester, et al; Civil No.: 22-cv-06101;*
*Kaitlin Flannery v City of Rochester, et al; Civil No.: 22-cv-06062;*
*Tiara Grayson v City of Rochester, et al: Civil No.: 21-cv-06719;*
*Hall, Martin, Robertson, Chatman, Deguzman, Good, Miller, Buggs, McSpadden, McIntyre, FTP, NLGR v City of Rochester, et al; Civil No.: 21-cv-06296;*
*Christopher Hilderbrandt v City of Rochester, et al; Civil No.: 21-cv-06714;*
*Emily Lynch v City of Rochester, et al; Civil No.: 21-cv-06708;*
*India Maring v City of Rochester, et al; Civil No.: 21-cv-06720;*
*Jamia McCuller v City of Rochester, et al; Civil No.: 21-cv-06763;*
*Wendy Painting v City of Rochester, et al; Civil No.: 22-cv-06179;*
*Alyssa Pigott v City of Rochester, et al; Civil No.: 22-cv-06180;*
*Noah Pointer-Gamory v City of Rochester, et al; Civil No.: 21-cv-06609;*
*Daniel Sorokti v City of Rochester, et al; Civil No.: 21-cv-06709;*
*Maranie Ray Staab v City of Rochester, et al; Civil No.: 22-cv-06063;*
*Stephanie Woodward v City of Rochester, et al; Civil No.: 21-cv-06685;*
*Geoffrey Rogers v City of Rochester, et al; Civil No.: 22-cv-06583;*
*Justin Morris v City of Rochester, et al; Civil No.: 23-cv-06511*

Dear Elliot,

I've enclosed our initial Monell Rule 26 Disclosures via the enclosed thumb drive for use in the above referenced matters.

This drive includes Protest-Monell Bates Stamped 000001 – 003090.  Please note that Bates Stamp Numbers 645 – 648, 703 – 705, 716 – 719, 819 – 825, 944 – 952 and 1183 – 1185 were pulled as it was determined that these documents involve matters wholly unrelated to the

protests.  These documents concern matters that occurred on dates of the protest and hence came up in the search, but they are wholly unrelated to the protests.  **All documents on this thumb drive are produced under the CONFIDENTIAL provisions of the protective order applicable to these actions at this time.**

As previously mentioned, a separate hard drive with the City's BWC footage will follow when complete.  Unfortunately, the BWC is extensive and downloading it is a lengthy process. I would anticipate advising you next week of when we can expect to serve the same.

Very truly yours

*Patrick B. Naylon*

Patrick B. Naylon
Municipal Attorney

PBN/mb
Encl.
cc: w/encl. Adam Clark, Esq.
    w/o encl. John Campolieto, Esq.
    w/o encl. Christopher Noone, Esq.

**Campolieto, John M.**

| | |
|---|---|
| **From:** | webmaster@nywd.uscourts.gov |
| **Sent:** | Tuesday, April 2, 2024 11:45 AM |
| **To:** | Courtmail@nywd.uscourts.gov |
| **Subject:** | Activity in Case . Pigott v. The City Of Rochester et al Order on Motion for Extension of Time to Complete Discovery |

Warning: This email originated from an external source. Please do not open attachments, click on links, or provide your username or password if the source is suspicious.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. DISTRICT COURT

### U.S. District Court, Western District of New York

**Notice of Electronic Filing**

The following transaction was entered on 4/2/2024 at 11:45 AM EDT and filed on 4/2/2024
**Case Name:** Boehner et al v. The City of Rochester et al
**Case Number:** 6:21-cv-06574-FPG-MJP
**Filer:**
**Document Number:** 69(No document attached)

**Docket Text:**
TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:** Lynch v. The City of Rochester et al
**Case Number:** 6:21-cv-06708-FPG-MJP
**Filer:**
**Document Number:** 76(No document attached)

**Docket Text:**
TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP;

6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)

**Case Name:**        Sorokti v. The City of Rochester et al
**Case Number:**      6:21-cv-06709-FPG-MJP
**Filer:**
**Document Number:** 73(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:**        Hilderbrant v. The City of Rochester et al
**Case Number:**      6:21-cv-06714-FPG-MJP
**Filer:**
**Document Number:** 73(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:**        Armstrong v. The City of Rochester et al
**Case Number:**      6:21-cv-06717-FPG-MJP
**Filer:**
**Document Number:** 70(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:**        Grayson v. The City of Rochester et al
**Case Number:**      6:21-cv-06719-FPG-MJP

**Filer:**
**Document Number:** 74(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

| | |
|---|---|
| **Case Name:** | Maring v. The City of Rochester et al |
| **Case Number:** | 6:21-cv-06720-FPG-MJP |

**Filer:**
**Document Number:** 68(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

| | |
|---|---|
| **Case Name:** | McCuller v. The City of Rochester et al |
| **Case Number:** | 6:21-cv-06763-FPG-MJP |

**Filer:**
**Document Number:** 35(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

| | |
|---|---|
| **Case Name:** | Andrews v. The City of Rochester et al |
| **Case Number:** | 6:21-cv-06764-FPG-MJP |

**Filer:**
**Document Number:** 38(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP;**

6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)

**Case Name:**     Flannery v. The City of Rochester et al
**Case Number:**   6:22-cv-06062-FPG-MJP
**Filer:**
**Document Number:** 61(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:**     Staab v. The City Of Rochester et al
**Case Number:**   6:22-cv-06063-FPG-MJP
**Filer:**
**Document Number:** 55(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:**     Flannery v. City of Rochester et al
**Case Number:**   6:22-cv-06101-FPG-MJP
**Filer:**
**Document Number:** 64(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**Case Name:**     Painting v. The City of Rochester et al
**Case Number:**   6:22-cv-06179-FPG-MJP

**Filer:**
**Document Number:** 61(No document attached)

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

| | |
|---|---|
| **Case Name:** | Pigott v. The City Of Rochester et al |
| **Case Number:** | 6:22-cv-06180-FPG-MJP |
| **Filer:** | |
| **Document Number:** | 61(No document attached) |

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

| | |
|---|---|
| **Case Name:** | Rogers v. City of Rochester et al |
| **Case Number:** | 6:22-cv-06583-FPG-MJP |
| **Filer:** | |
| **Document Number:** | 21(No document attached) |

**Docket Text:**
**TEXT ORDER granting Consolidated Motion for Extension of Time to Complete Discovery in cases 6:21-cv-06574-FPG-MJP; 6:21-cv-06708-FPG-MJP; 6:21-cv-06709-FPG-MJP; 6:21-cv-06714-FPG-MJP; 6:21-cv-06717-FPG-MJP; 6:21-cv-06719-FPG-MJP;6:21-cv-06720-FPG-MJP; 6:21-cv-06763-FPG-MJP; 6:21-cv-06764-FPG-MJP; 6:22-cv-06062-FPG-MJP; 6:22-cv-06063-FPG-MJP; 6:22-cv-06101-FPG-MJP; 6:22-cv-06179-FPG-MJP; 6:22-cv-06180-FPG-MJP; 6:22-cv-06583-FPG-MJP. Amended Consolidated Scheduling Order to be issued. SO ORDERED. Signed by Hon. Mark W. Pedersen on 4/2/2024. (JB)**

**6:21-cv-06574-FPG-MJP Notice has been electronically mailed to:**

Donald M. Thompson     dmthompson@etksdefense.com, vpellett@etksdefense.com

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan      alissabrennan@monroecounty.gov

Elliot Dolby Shields      eshields@rothandrothlaw.com

Maria Elizabeth Rodi      mariarodi@monroecounty.gov

Miguel A. Munoz      miguelmunoz@monroecounty.gov

**6:21-cv-06574-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06708-FPG-MJP Notice has been electronically mailed to:**

Patrick B. Naylon      Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Adam M. Clark      adamclark@monroecounty.gov

Alissa M. Brennan      alissabrennan@monroecounty.gov

Elliot Dolby Shields      eshields@rothandrothlaw.com

Maria Elizabeth Rodi      mariarodi@monroecounty.gov

Peachie L. Jones (Terminated)      peachie.jones@cityofrochester.gov, Michelle.Bradbury@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov

Miguel A. Munoz      miguelmunoz@monroecounty.gov

**6:21-cv-06708-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06709-FPG-MJP Notice has been electronically mailed to:**

Patrick B. Naylon      Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Mitchell J. Banas, Jr      mbanas@bsk.com, cmccormick@bsk.com, courtmail@bsk.com, ksickau@bsk.com, mitchbanas@yahoo.com

Adam M. Clark      adamclark@monroecounty.gov

Alissa M. Brennan      alissabrennan@monroecounty.gov

Elliot Dolby Shields      eshields@rothandrothlaw.com

Maria Elizabeth Rodi      mariarodi@monroecounty.gov

Peachie L. Jones      peachie.jones@cityofrochester.gov, Michelle.Bradbury@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov

Kathleen H. McGraw      kmcgraw@bsk.com, courtmail@bsk.com, hoveyt@bsk.com

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:21-cv-06709-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06714-FPG-MJP Notice has been electronically mailed to:**

Donald M. Thompson   dmthompson@etksdefense.com, vpellett@etksdefense.com

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

**6:21-cv-06714-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06717-FPG-MJP Notice has been electronically mailed to:**

Christopher Noone     noonec@cityofrochester.gov, michelle.bradbury@cityofrochester.gov, suteras@cityofrochester.gov, zollars@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

**6:21-cv-06717-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06719-FPG-MJP Notice has been electronically mailed to:**

John M. Campolieto     campolj@cityofrochester.gov, michelle.bradbury@cityofrochester.gov, zollars@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:21-cv-06719-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06720-FPG-MJP Notice has been electronically mailed to:**

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Spencer L. Ash     spencer.ash@cityofrochester.gov, Michelle.Bradbury@CityofRochester.Gov, zollars@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:21-cv-06720-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06763-FPG-MJP Notice has been electronically mailed to:**

John M. Campolieto     campolj@cityofrochester.gov, michelle.bradbury@cityofrochester.gov, zollars@cityofrochester.gov

Elliot Dolby Shields (Terminated)     eshields@rothandrothlaw.com

**6:21-cv-06763-FPG-MJP Notice has been delivered by other means to:**

**6:21-cv-06764-FPG-MJP Notice has been electronically mailed to:**

Donald M. Thompson     dmthompson@etksdefense.com, vpellett@etksdefense.com

John M. Campolieto     campolj@cityofrochester.gov, michelle.bradbury@cityofrochester.gov, zollars@cityofrochester.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

**6:21-cv-06764-FPG-MJP Notice has been delivered by other means to:**

**6:22-cv-06062-FPG-MJP Notice has been electronically mailed to:**

Donald M. Thompson     dmthompson@etksdefense.com, vpellett@etksdefense.com

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Peachie L. Jones     peachie.jones@cityofrochester.gov, Michelle.Bradbury@CityofRochester.gov,
Sandra.Zollars@CityofRochester.gov

**6:22-cv-06062-FPG-MJP Notice has been delivered by other means to:**

**6:22-cv-06063-FPG-MJP Notice has been electronically mailed to:**

Donald M. Thompson     dmthompson@etksdefense.com, vpellett@etksdefense.com

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov,
michelle.bradbury@cityofrochester.gov

Spencer L. Ash     spencer.ash@cityofrochester.gov, Michelle.Bradbury@CityofRochester.Gov,
zollars@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:22-cv-06063-FPG-MJP Notice has been delivered by other means to:**

**6:22-cv-06101-FPG-MJP Notice has been electronically mailed to:**

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov,
michelle.bradbury@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Peachie L. Jones     peachie.jones@cityofrochester.gov, Michelle.Bradbury@CityofRochester.gov,
Sandra.Zollars@CityofRochester.gov

**6:22-cv-06101-FPG-MJP Notice has been delivered by other means to:**

**6:22-cv-06179-FPG-MJP Notice has been electronically mailed to:**

John M. Campolieto     campolj@cityofrochester.gov, michelle.bradbury@cityofrochester.gov, zollars@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:22-cv-06179-FPG-MJP Notice has been delivered by other means to:**

**6:22-cv-06180-FPG-MJP Notice has been electronically mailed to:**

John M. Campolieto     campolj@cityofrochester.gov, michelle.bradbury@cityofrochester.gov, zollars@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Alissa M. Brennan     alissabrennan@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:22-cv-06180-FPG-MJP Notice has been delivered by other means to:**

**6:22-cv-06583-FPG-MJP Notice has been electronically mailed to:**

Patrick B. Naylon     Patrick.Naylon@CityofRochester.gov, Sandra.Zollars@CityofRochester.gov, michelle.bradbury@cityofrochester.gov

Adam M. Clark     adamclark@monroecounty.gov

Elliot Dolby Shields     eshields@rothandrothlaw.com

Maria Elizabeth Rodi     mariarodi@monroecounty.gov

Miguel A. Munoz     miguelmunoz@monroecounty.gov

**6:22-cv-06583-FPG-MJP Notice has been delivered by other means to:**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MASAI ANDREWS, | **STIPULATION** |
| Plaintiff, | |
| -against- | 21-cv-6764 |
| THE CITY OF ROCHESTER, a municipal entity, TYSHON WILLIAMS, SHAWN JORDAN, ALEXANDER ELMORE, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), | |
| Defendants. | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOY ELIZABETH ARMSTRONG, | **STIPULATION** |
| Plaintiff, | |
| -against- | 21-CV-6717 |
| THE CITY OF ROCHESTER, a municipal entity, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, | |
| Defendants. | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRENDAN BOEHNER, ALANALEILANI CONNOLLY, CAROLYN DELVECCHIO HOFFMAN, REBECCA GOLDFEDER, SOLOMON GOMINIAK, RYAN HOWE, NICOLE LINDQUIST, SUSANNA MOORE, RYAN MULLANEY, BARBARA RIVERA, ALYSON TROMBULAK, and BETTY WOLFANGER, | STIPULATION |
| | 21-CV-6574 (FPG) |
| Plaintiffs, | |
| -against- | |
| THE CITY OF ROCHESTER, a municipal entity, FRANCIS ARCHETKO, WHITNEY CELENTANO, THOMAS KIRK, DARYL HOGG, KAITLYN TURNER, JEREMY ANZALONE, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, | |
| Defendants. | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMANDA FLANNERY | |
| Plaintiffs, | STIPULATION |
| -against- | |
| THE CITY OF ROCHESTER, a municipal entity, PAUL ROMANO, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, | **22-cv-6101** |
| Defendants. | |

-2-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

KAITLIN FLANNERY,

                                         Plaintiff,

                    -against-

THE CITY OF ROCHESTER, "JOHN DOE POLICE
OFFICERS 1-200" (names and number of whom are
unknown at present), COUNTY OF MONROE, TODD
BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200"
(names and number of whom are unknown at present), and
other unidentified members of the Rochester Police
Department and Monroe County Sheriff's Office,

                                         Defendants.

STIPULATION

22-cv-6062 (FPG)

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

TIARA GRAYSON,

                                         Plaintiff,

                    -against-

THE CITY OF ROCHESTER, a municipal entity, MARLON
WILLIAMS, NICHOLAS VANDEMAR, "JOHN DOE
POLICE OFFICERS 1-200" (names and number of whom are
unknown at present), COUNTY OF MONROE, TODD
BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200"
(names and number of whom are unknown at present), and
other unidentified members of the Rochester Police
Department and Monroe County Sheriff's Office,

                                         Defendants.

STIPULATION

21-cv-6719 (FPG)

-3-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHRISTOPHER HILDERBRANT, | STIPULATION |
| Plaintiff, | |
| -against- | 21-cv-6714 (FPG) |
| THE CITY OF ROCHESTER, ANDREW DELDUCA, BING REAVES, ANTHONY MAZURKIEWICZ, MICHAEL DIPAOLA, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, | |
| Defendants. | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EMILY LYNCH, | STIPULATION |
| Plaintiff, | |
| -against- | 21-cv-6708 (FPG) |
| THE CITY OF ROCHESTER, a municipal entity, BING REAVES, ANTHONY MAZURKIEWICZ, MICHAEL DIPAOLA, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, | |
| Defendants. | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| INDIIA MARING,<br><br>                                          Plaintiff,<br><br>          -against-<br><br>THE CITY OF ROCHESTER, a municipal entity, TYLER COUCH, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,<br><br>                                          Defendants. | STIPULATION<br><br>21-cv-6720 (FPG) |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMIA MCCULLER,<br><br>                                          Plaintiff,<br><br>          -against-<br><br>THE CITY OF ROCHESTER, a municipal entity, MICHAEL COLLINS, AMBER GROSCH, JUSTIN WHITMORE, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present),<br><br>                                          Defendants. | STIPULATION<br><br>21-cv-6763 (FPG) |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WENDY PAINTING,<br><br>                                          Plaintiff,<br><br>          -against-<br><br>THE CITY OF ROCHESTER, a municipal entity, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,<br><br>                                          Defendants. | STIPULATION<br><br>22-cv-6179 (FPG) |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

ALYSSA PIGOTT,

                                                    Plaintiff,                STIPULATION

                    -against-                                              22-cv-6180 (FPG)

THE CITY OF ROCHESTER, a municipal entity, "JOHN
DOE POLICE OFFICERS 1-200" (names and number of
whom are unknown at present), COUNTY OF MONROE,
TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES
1-200" (names and number of whom are unknown at present),
and other unidentified members of the Rochester Police
Department and Monroe County Sheriff's Office,

                                                    Defendants.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

GEOFFREY ROGERS,

                                                    Plaintiff,                STIPULATION

                    -against-                                              22-cv-6583 (FPG)(MJP)

CITY OF ROCHESTER, a municipal entity, MARK
ALLEN, STANLEY KAMINSKI, "JOHN DOE POLICE
OFFICERS 1-200" (names and number of whom are
unknown at present), COUNTY OF MONROE TODD
BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-
200" (names and number of whom are unknown at present),
and other unidentified members of the Rochester Police
Department and Monroe County Sheriff's Office,

                                                    Defendants.

-6-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL SOROKTI, | |
| Plaintiff, | STIPULATION |
| -against- | 21-cv-6709 (FPG) |
| THE CITY OF ROCHESTER, a municipal entity, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), THE COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, TIMOTHY NANRY, | |
| Defendants. | |

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARANIE RAE STAAB, | |
| Plaintiff, | STIPULATION |
| -against- | 22-cv-6063 (FPG) |
| THE CITY OF ROCHESTER, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office, | |
| Defendants. | |

-7-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEPHANIE WOODWARD,<br><br>                              Plaintiff,<br><br>              -against-<br><br>THE CITY OF ROCHESTER, a municipal entity, RICHARD ARROWOOD,  STEPHANIE BURGSTROM, ERIC SCHIFFMAN, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,<br><br>                              Defendants. | STIPULATION<br><br>21-CV-6685 (FPG) |

## STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER

Plaintiffs and Defendants, by their Counsel, having agreed to the following, and for good cause shown, IT IS HEREBY ORDERED as follows:

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential or sensitive information for which special protection from public disclosure may be warranted, including but not limited to police personnel records and records of complaints of misconduct made against Defendants and Defendants' employees, agents, etc., and internal investigations thereof as well as police policy and training materials addressing law enforcement strategy or tactics; and internal investigations conducted by various state agencies, and the information contained therein, the disclosure of which Defendants may believe would jeopardize safety or security. It also may involve the disclosure of Plaintiffs' confidential medical information. The parties acknowledge that this Stipulation of Confidentiality and Protective Order (this "Order")

does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under applicable legal principles, to treatment as confidential.

## 2.    **CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean any information the parties designate as confidential per paragraph 5 of this agreement.

"Confidential Information" does not include information that:

a.    is in the public domain at the time of disclosure;

b.    is obtained by the parties or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available;

c.    becomes part of the public domain through no fault of the Receiving Party (defined below); or

d.    the Receiving Party can show was in its lawful possession at the time of disclosure.

Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes Confidential Information and (2) that there is good cause for the Confidential Information to be protected from public disclosure. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

## 3.    **ADDITIONAL DEFINITIONS**

3.1.    Party: any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

3.2.    <u>Non-party:</u> any individual, corporation, association, or other natural person or entity other than a Party.

3.3.    <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4.    <u>Protected Material:</u> any Disclosure or Discovery Material that is designated by a Party or Non-party as "Confidential" or "Highly Confidential" according to paragraphs 1 and 5, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as "Confidential" or "Highly Confidential"; or (b) the Designating Party withdraws its confidentiality designation in writing.

3.5.    <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3.6.    <u>Producing Party:</u> a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.7.    <u>Designating Party:</u> a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Nonparty designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

3.8.    <u>Challenging Party:</u> a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

3.9.    <u>Outside Counsel:</u> attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

3.10. <u>House Counsel:</u> attorneys who are employees of a Party (as well as their support staffs).

3.11. <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

3.12. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.13. <u>Professional Vendors:</u> persons or entities that provide litigation support services *(e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.)* and their employees and subcontractors.

**4.**    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.**    **DESIGNATING PROTECTED MATERIAL**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate legal standards and prevailing case law. A Designating Party must use good faith efforts to

designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2.    Manner and Timing of Designations. Except as otherwise provided in this Order *(see, e.g.,* second paragraph of section 5.4(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3.    "Highly Confidential" Designation: Only with respect to Protected Material that contains highly sensitive information concerning law enforcement investigations, strategies, or tactics, and/or identifying personal information pertaining to current or former employees of the State or third-parties, the Parties may designate such information "Highly Confidential." A designation of "Highly Confidential" means that it is for "attorneys' eyes only" and shall not be released or disclosed in any manner to any other person, including Plaintiffs, except as permitted by § 7.4 below.

5.4.    Manner of Designation. Designation in conformity with this Order requires:

a.    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the bottom of each page of any document that contains protected material, unless otherwise agreed to by the parties. If only a portion or portions of the material in a document qualifies for protection as "Highly Confidential," the

Producing Party also must clearly identify the Highly Confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not obscuring text).

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection as "Highly Confidential," the Producing Party also must clearly identify the Highly Confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not obscuring text).

        b.     <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> the Party or Non-party offering or sponsoring the testimony must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after receipt of the transcript of the testimony to identify the specific portions of the testimony as to which protection is sought. Only those

portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be marked by the court reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by affixing to the bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or by other means available to the court reporter and agreeable to the parties, as instructed by the Party or Non-party offering or sponsoring the witness or presenting the testimony.  If only a portion or portions of the material on a page qualifies for protection as "Highly Confidential," the Producing Party also must clearly identify the Highly Confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not obscuring text).

c.      For information produced in some form other than documentary or testimonial, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the material on a page qualifies for protection as "Highly Confidential," the Producing Party also must clearly identify the Highly Confidential portion(s) (*e.g.*, by making appropriate markings in the margins, but not obscuring text).

d.      For electronically stored information ("ESI") produced in its native electronic format, the Producing Party must place the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the electronic file name.

5.5.      Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for

such material. If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, **must** make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

     5.6.   <u>Inadvertent Production of Privileged Information.</u> If a party, through inadvertence, produces or provides material that it believes is subject to a claim or attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the material is subject to a specific privilege or immunity and request that the material be returned to the Producing Party. The Receiving Party shall return the material and certify that all such material (including all copies thereof) has been returned. Return of the material shall not constitute an admission or concession, or permit any inference that the returned material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for any reason, including a waiver caused by the inadvertent production.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1.   <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

     6.2.   <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring

directly with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was improper and must give the Designating Party thirty (30) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.    <u>Formal Challenge to Designation.</u> If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was improper, the Challenging Party may move for an order directing the Designating Party to produce the materials without the confidentiality designation or otherwise present the dispute for resolution consistent with the Court's individual rules or practices applicable thereto.

6.4.    <u>Treatment of Information While Challenge is Pending.</u> Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Confidential or Highly Confidential, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

a.    the Designating Party withdraws its confidentiality designation in writing; or

b.    the Court decides the material at issue is not subject to protection as Confidential or Highly Confidential.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles.</u> As a general rule, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein. When

the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph 10 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Use of Protected Material in Other Protest Related Litigation: The Parties and Counsel for the Plaintiffs and for the Defendants may use any materials designated as Confidential or Highly Confidential herein in any litigation arising from the same protests that occurred in 2020 in the City of Rochester that gave rise to the instant action, including litigation in the Court of Claims, New York State Supreme Court, Monroe County, or the Western District of New York. When using such protected material in any other litigation, all other terms of this agreement remain in full force and effect. Nothing contained herein shall relieve the parties in any such litigation of the obligation to establish the evidentiary admissibility of such materials.

7.3.    Disclosure of Protected Material Designated "Confidential". Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a.    Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

b.    House Counsel to any Party in this Action, , including associated personnel necessary to assist House Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

c.      Parties to this litigation and their officers, directors, and employees to whom disclosure is reasonably necessary for this litigation, so long as such Party has been provided with a copy of this Order in advance of or contemporaneous with such disclosure;

d.      Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

e.      the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

f.      litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

g.      other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

h.      any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings. Pages of transcribed deposition testimony or exhibits

to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

        i.     the author of the document or the original source of the information;

        j.     Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

        k.     any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

        l.     any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

    7.4.   <u>Disclosure of Protected Material Designated "Highly Confidential".</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to the persons identified in paragraph 7.3(a), (b), (d)-(g), and (i)-(l) above.

    7.5.   <u>Court Order.</u> Confidential or Highly Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties, provided, however, that, in the event that a party intends to produce documents containing Confidential or Highly Confidential Material or that contain Confidential or Highly Confidential Material obtained from such documents in response to such an order, counsel shall serve notice of such order upon the Designating Party, identifying by Bates numbers the

documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give the Designating Party the opportunity to seek a protective order against such production.

## 8.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the **Designating** Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

## 9.  PROTECTED MATERIAL IN COURT

a.     This Order does not seal court records in this case or apply to the disclosure of Protected Material at trial. It is only intended to facilitate the prompt production of Discovery Materials. A Party that seeks to file under seal any Protected Material, seal the court record, or close trial proceedings must comply with applicable law, including all Local Rules for the Western District of New York. The fact that Discovery Material has been designated as "Confidential" or "Highly Confidential" shall not be admissible as evidence that the Material in fact contains confidential information entitled to protection from disclosure under the law.

b.     A Party (or, as appropriate, Non-party) who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential or Highly Confidential Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases or

discloses Confidential or Highly Confidential Information shall file the document, brief, or memorandum on the ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

c.    In the event that the Party's (or, as appropriate, Non-party's) filing includes Confidential or Highly Confidential Information produced by a Producing Party that is a non-party, the filing Party shall so notify the Producing Party within twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential or Highly Confidential Information unredacted.

d.    If the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, Non-party) shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system and/or other applicable Court rules or directives. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, Non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

e.    Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph 9 shall, contemporaneously with or prior to making the Redacted Filing, provide the other Parties and the Court with a complete and unredacted version of the filing, in compliance with the Local Rules of Civil Procedure for the Western District of New York.

f.    All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any materials which have previously been designated by a party as comprising or containing Confidential or Highly Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

g.    Confidential or Highly Confidential Material shall not be disclosed in open court without first affording the opposing party an opportunity to contest disclosure and/or admissibility of the Confidential or Highly Confidential Information

**10.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, each Receiving Party must, within thirty days after the final termination of this action, either (1) return all Protected Material to the Producing Party or (2) destroy all Protected Material and notify the producing party of the date of destruction. However, if the Protected Material is being used in any other litigation, then the Receiving Party may retain and use said Protected Material until thirty days after the final termination of said other litigation, and then must either (1) return all Protected Material to the Producing Party or (2) destroy all Protected Material. If a recipient of Protected Material intends not to destroy or return such protected material as it is being used in other litigation, they shall (a) identify the Protected Material they are not returning or destroying and (b) identify the litigation it is being retained for and (c) notify the producing party of the protected material of the final termination of the other litigation and whether such Protected Material is being returned and, if not, shall indicate the date of destruction.

**11.    MISCELLANEOUS**

11.1.    <u>Public Health and Safety.</u> Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Protected Material may

have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

     11.2.  <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

     11.3.  <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

Dated: _____November 2_____, 2023

ROTH & ROTH LLP

By: *Elliot Shields*

Elliot Dolby Shields, Esq.
*Attorneys for Plaintiffs*
192 Lexington Ave, Suite 802
New York, New York 10016


Linda S. Kingsley, Corporation Counsel

By: _____

Patrick Naylon
*Attorney for City Defendants in Boehner,
Amanda Flannery, Kaitlin Flannery,
Hilderbrant, Lynch, Maring, Sorokti,
Staab*
30 Church Street, Room 400A
Rochester, New York 14614


Linda S. Kingsley, Corporation Counsel

By: _____

John Campolieto
*Attorney for City Defendants in Andrew,
Grayson, McCuller, Pigott*
30 Church Street, Room 400A
Rochester, New York 14614


Linda S. Kingsley, Corporation Counsel

By: _____

Christopher Noone
*Attorney for City Defendants in
Armstrong, Woodward*
30 Church Street, Room 400A
Rochester, New York 14614


THE COUNTY OF MONROE LAW DEPARTMENT

By: _____

Adam Clark


BOND SCHOENECK & KING

By: _____

Mitchell Banas

-23-

Adam Clark
*Attorney for County Defendants*
307 County Office Building, 39 West
Main Street
Rochester, New York 14614

*Attorney for Defendant Timothy Nanry*
*(in the Sorokti Case)*
Avant Building - Suite 900
200 Delaware Avenue
Buffalo, NY 14202-2107


**SO ORDERED.**

_____

Hon. Mark W. Pedersen
United States Magistrate Judge

Dated: _____, 2022 3

-24-