UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMIA McCULLER

Plaintiff,

vs.

THE CITY OF ROCHESTER, et al.,

Defendants.

MEMORANDUM IN SUPPORT OF FRCP RULE 55(c) MOTION TO VACATE THE ENTRY OF DEFAULT

Case No. 21-CV-6763 (FPG)

MASAI ANDREWS

Plaintiff,

vs.

THE CITY OF ROCHESTER, et al.,

Defendants.

Case No. 21-CV-6764 (FPG)

**PRELIMINARY STATEMENT**

The two matters involved in this motion are as follows:

- *Jamaia McCuller v. City of Rochester, Michael Collins, Amber Grosch, Justin Whitmore, Henry Favor, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, Samuel Lucyshyn*
- *Masai Andrews v. City of Rochester, Tyshon Williams. Shawn Jordan, Alexander Elmore, Paul Romano, Steven Kovack, Michael Fay, Henry Favor, Naser Zenelovic, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, Samuel Lucyshyn.*

(hereinafter “the cases”).

Defendants City of Rochester—all City of Rochester police officers—were served with the second amended complaints, by agreement with the Plaintiff's attorney on September 21, 2023, through the law department of the City of Rochester. See Stipulation to Accept Service attached as Exhibit D. In the McCuller case, all defendants except Henry Favor, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, Samuel Lucyshyn had been served and answered the previous complaints; in the Andrews case all defendants except Paull Romano, Steven Kovack, Michael Fay, Henry Favor, Naser Zenelovic, Raymond Dearcop, Ralph Montinarelli, Joseph Morabito, Samuel Lucyshyn were previously served and answered the case prior to the second amended complaint

The default request referenced in this matter should be vacated, no further entry of default made and the City should be allowed to Answer the second amended complaint. Good cause pursuant to Rule 55(c) has been demonstrated in this motion as the defendants' apparent default was not willful and has not caused prejudice to plaintiff. And there is are meritorious defenses by all defendanats.

Defendants are prepared to answer the second amended complaint as soon as the default is vacated and/or they are given permission by the Court to file an answer on these two matters. There is no motion for a default from the plaintiff, only a request from Magistrate Judge Pedersen to enter a default for the Andrews and the McCuller cases and the Clerk's entry of default should be vacated. Further, this is not a proper entry of default pursuant to Rule 55.

The City seeks the Courts permission to file answers to the second amended

complaints pursuant to good cause standard stated in Rule 55(c) of the Federal Rules of Civil Procedure. Rule 55(c) allows the Court to excuse the entry of default and allow for the answers to be filed. Defaults are disfavored, as they are inconsistent with the federal courts preference to resolve disputes on the merits.

Since the City defendants had stipulated to the filing of the second amended complaints and accepted service for all defendants by email, the parties have proceeded pursuant to normal trial procedures -mediation, initial disclosures, discovery, pretrial conferences and stipulations. See Exhibit D to the Attorney Declaration; also see Exhibit F.

In this matter, the Court is referred to the Attorney Declaration for a more in depth factual dissertation. The procedural order is as follows:

- Original Complaints Filed in State Court
- Cases were Removed
- Motions to Dismiss
- Cases were Answered
- First Amended Complaints filed
- Second Amended Complaints filed

Here, the second amended complaints are at issue, new defendants were added by the Plaintiff; the City and Plaintiff's attorney agreed to accept service of the second amended complaints for all defendants and to accept service by electronic mail. See Exhibit D, Stipulation to accept service of amended complaints, dated September 21, 2023 and filed with the Clerk on that same date. In 2021, 2022 and 2023 these cases concerning "the protests of 2020" (hereinafter "the protests") in the City of Rochester

were filed against the City of Rochester, the County of Monroe, the Monroe County Sheriff and multiple individual Rochester Police Department Officers and Monroe County Sheriffs. The City and County defendants removed most of the cases to the Federal District Court.

Motions to dismiss the complaints were filed in all of the cases, both federal and state cases. All of the motions to dismiss for the cases in this motion were either denied or granted in part by Judge Frank Geraci by November 11, 2022.

After the motions were decided, all of the cases were answered and upon order of the Court were immediately sent to mediation by United States District Court Judge Frank Geraci. In 2022 some amended complaints were filed and all amended complaints were answered. In the cases at issue in this motion, amended complaints were filed by Plaintiff and answered by the City. Upon the start of mediation in these cases, they were assigned to Magistrate Judge Pedersen and this Court, discovery was stayed upon completion of the mediations. Once the initial mediations were completed the cases were to be moved into discovery. Second amended complaints were filed in the cases at issue in this motion. See Exhibit C.

The parties stipulated to accept service of the Amended Complaints and to accept service for the added individual defendants by email. The City, specifically, stipulated to the filing of the amended complaints in the cases at issue here, (McCuller and Andrews) and to accept service for the added defendants by email. See Exhibit D.

The defendants are prepared to move forward with this litigation without further pause. To that end, the undersigned has drafted and is prepared to file answers to the amended complaints once the default is lifted. Defendants also believe that discovery has not been affected by this oversight and is currently due and will be responded to by August 1, 2024 by Court Order attached as Exhibit E. Defendants anticipated for trial would be arguing both that the force used was reasonable under the Fourth Amendment as a matter of law and that, in any case, the officers are entitled to qualified immunity from suit.

## ARGUMENT

### I. The Court Should deny the referral of a default and/or Vacate the Entry of Default

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Courts consider the following three factors when assessing good cause: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented" and may also consider other equitable factors, including whether entry of default "would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). In exercising its discretion under Rule 55, the Court should be mindful of the Second Circuit's "oft-stated preference for resolving disputes on the merits." *Id.* at 95.

First, the default here was not the result of any willful act of the defendants. The City defendants stipulated to the second amended complaints being filed without motion, accepted service by email and requested and received an open ended extension to answer. In fact, the parties continued to mediate, discuss settlement,

engage in discovery requests and exchanges of information. Thus, there is no indication that defendants were attempting to avoid this suit or the jurisdiction of the Court. Rather, what happened was an oversight—your declarant overlooked the error of failing to answer in what would be the third complaint in the matter. Upon notice from the Court, in preparation for the July 11, 2024 discovery conference with Magistrate Judge Pedersen, the undersigned immediately investigated the status of the proceeding, the underlying incident, and contacted plaintiff's counsel to attempt to move the litigation forward as efficiently as possible. All told, there was no willful attempt to avoid this litigation and this factor should weigh in favor of vacating the default.

Second, plaintiff can show no prejudice. There is no surprise in this matter; the defendants who were initially named in the second amended complaints have been named as defendants in all of the other protest cases numbering in the amount of 20. The Plaintiff's has made no application for default judgment as this was referred to the clerk by Magistrate Judge Pedersen and no showing of prejudice has been presented by the Plaintiff. Further, while time has passed as a result of the defendants' non-joinder, the case gas proceeded as normal In any case, "delay standing alone does not establish prejudice." *Enron Oil Corp.*, 10 F.3d at 98.

Third, defendants have a meritorious defense. Contrary to Plaintiffs' claims in their complaints, the plaintiffs were protesting illegally as the streets had been closed by a verbal order of the police. If force was used to effectuate the closure order or to make an arrest, police may use objectively reasonable force to effect an arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989)("Our Fourth Amendment

jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotations omitted). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." *Id.* at 396-397. Defendants here maintain that such reasonableness was appropriate in the force, effort, coercion and force, if any used.

Defendants will also assert the defense of qualified immunity. Qualified immunity shields police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court applied the qualified immunity analysis to a Fourth Amendment excessive force claim. The Court held that even where a jury, taking the facts in the light most favorable to plaintiff, might be able to find a deprivation of federal rights, still there can be no liability unless the right at issue is clearly established "in light of the specific context of the case, not

as a broad general proposition." *Saucier*, 533 U.S. at 201. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. In other words, if the law "does not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id.* Or, said differently still:

> "To be clearly established, a right must be sufficiently clear that *every* reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012)(internal quotations omitted)(emphasis added). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotations omitted).

The Supreme Court has outlined how this rule works in practice:

> It is sometimes difficult for an officer to determine how the relevant legal doctrine, here excessive force, will apply to the factual situation the officer confronts. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense.

*Id.* at 205. "Qualified immunity operates . . . to protect officers from the sometimes 'hazy border between excessive and acceptable force[.]" *Id.* at 206 (quoting *Priester v. Riviera Beach*, 208 F.3d 919, 926-927 (11th Cir. 2000)). In light of the circumstances and situation encountered by the police in these three cases, defendants will assert a qualified immunity defense in the event that the

force or actions used are found to lie along the "hazy border" between acceptable and excessive force or actions.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court grant defendants' motion to vacate the default.

DATED: July 26, 2024

PATRICK BEATH, Corporation Counsel

/s/John M. Campolieto

BY: JOHN M. CAMPOLIETO
Municipal Attorney
*Attorney for Defendants*
30 Church Street, Rm. 400A
Rochester, New York 14614
(585) 428-7410

To: All Counsel (ECF)